UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIN TANASACHE, INOCENCIO CASTRO MARTINEZ, RUSSELL GOMEZ DZUL, JESUS RENE CARRANZA GUTIERREZ, ROBERT CRUZ HERNANDEZ, OSCAR EFREN CADENA ALONSO, DEMETRIO ACOSTA PENA, and JAVIER PEREZ, <br><br> Petitioners, <br><br> v. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security, PAMELA BONDI, U.S. Attorney General, TODD LYONS, Acting Director, Immigration and Customs Enforcement, ERNESTO SANTACRUZ JR., Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations, FERETI SEMAIA, Warden, Adelanto ICE Processing Center, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, IMMIGRATION AND CUSTOMS ENFORCEMENT, and U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondents. | Case No. 5:25-cv-03159-JWH-AGR <br><br> **ORDERS TO SHOW CAUSE REGARDING (1) DISMISSAL OF THE PETITION; AND (2) RESPONDENTS' FAILURE TO COMPLY WITH THE COURT'S ORDER** |

On November 24, 2025, Petitioners Florin Tanasache, Inocencio Castro Martinez, Russell Gomez Dzul, Jesus Rene Carranza Gutierrez, Robert Cruz Hernandez, Oscar Efren Cadena Alonso, Demetrio Acosta Pena, and Javier Perez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The Petition requests that the Court grant the following relief:

- issue an Order that Petitioners shall not be transferred outside of the Central District of California while this petition is pending;
- issue an Order to Show Cause directing Respondents to show cause within three days why this Petition should not be granted;
- issue a Writ of Habeas Corpus requiring Respondents to release Petitioners or to provide Petitioners with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days;
- declare that Petitioners' detention is governed by 8 U.S.C. § 1226(a) and that their detention under 8 U.S.C. § 1225(b)(2) is unlawful; and
- award Petitioners attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412, and on any other basis justified under law.[2]

On the same day that Petitioners filed their Petition, Petitioners filed an *ex parte* application for a temporary restraining order (1) directing Respondents to release Petitioners from their custody or to provide Petitioners with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of issuance of an Order; (2) declaring that Petitioners' detention is governed by 8 U.S.C. § 1226(a) and that their detention under 8 U.S.C. § 1225(b)(2) is unlawful; and (3) enjoining Respondents from

---

[1] Pet. (the "Petition") [ECF No. 1].
[2] *Id.* at 25:22-26:16.

transferring Petitioners out of this District pending the final resolution of this case.[3]

After conducting a hearing on December 1, 2025, regarding Petitioners' Application, the Court issued a TRO enjoining Respondents from continuing to detain Petitioners unless Petitioners were provided bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) by December 8, 2025.[4] The Court also directed Respondents to show cause in writing why the Court should not issue a preliminary injunction.[5]

On December 9, 2025, Respondents filed a response to that order to show cause in which they requested that the Court deny the preliminary injunction as moot and issue an order to show cause why the Court should not dismiss the Petition as moot.[6] In their Response, Respondents represented that they complied with the TRO with respect to six of the eight Petitioners by offering those six Petitioners individualized bond hearings by December 8, 2025.[7] With respect to the remaining two Petitioners—Martinez and Pena—Respondents admitted that they failed to comply with the TRO either to provide an individualized bond hearing or to release those two Petitioners by December 8, 2025.[8]

---

[3] Pets.' *Ex Parte* Appl. for Temporary Restraining Order (the "Application") [ECF No. 4].

[4] Minute Order re Hr'g re Application (the "TRO") [ECF No. 10].

[5] *Id.*

[6] Resps.' Resp. to Order to Show Cause re Preliminary Injunction (the "Response") [ECF No. 11].

[7] *Id.* at 1:8-9. The Court notes that Respondents offered Petitioner Dzul a bond hearing by the seven-day deadline, but Dzul voluntarily requested a postponement of that hearing until a later date. Pets.' Reply in Supp. of the Application [ECF No. 12] 1:21-23.

[8] Response 1:8-10.

During the December 15, 2025, hearing regarding the preliminary injunction, Respondents' counsel represented that the remaining two Petitioners received bond hearings on December 12, 2025—*i.e.*, four days late—but Respondents' counsel offered no satisfactory explanation why Respondents failed to comply with the TRO in the first instance.  Accordingly, the Court **ORDERS** Respondents to **SHOW CAUSE** why sanctions should not issue for their failure to comply with this Court's TRO.

Nevertheless, because all Petitioners had received bond hearings, during the December 15, 2025, hearing the Court denied the preliminary injunction as moot.  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when the plaintiffs were already granted the relief that they sought).  Further, a court has an obligation to consider mootness *sua sponte*, and it should deny the requested relief when it is superfluous.  *See In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).  Here, Petitioners requested *ex parte* relief in the form of bond hearings or release from custody, and all Petitioners have now been afforded the opportunity for a bond hearing.

Petitioners also request a declaration that "Petitioners' detention is governed by 8 U.S.C. § 1226(a) and that their detention under 8 U.S.C § 1225(b)(2) is unlawful."[9]  However, Petitioners, as members of the class recently certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873 (C.D. Cal.), may already have received this very declaratory relief.

---

[9]    Petition 26:8-9.

In view of the mootness of Petitioners' preliminary injunction request and the proceedings in *Maldonado Bautista*, the Court **ORDERS** Petitioners to **SHOW CAUSE** why the Petition should not be dismissed as moot.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Respondents are **DIRECTED** to show cause in writing by January 9, 2026, why the Court should not issue sanctions for Respondents' failure to comply with the Court's TRO.

2. Petitioners are **DIRECTED** to show cause in writing by January 9, 2026, why the Court should not dismiss the entire case as moot.

3. Optional replies to each Order to Show Cause may be filed no later than January 23, 2026.

4. A hearing on the Orders to Show Cause is **SET** for February 6, 2026, at 9:00 a.m. Counsel of record for each party are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: December 16, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE